# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARIUS J. WHITSON, I, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE METROPOLITAN ST. LOUIS )<br>SEWER DISTRICT, et al., )<br>)<br>Defendants. ) | No. 4:11CV2217 RWS |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Darius Whitson, I, for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. §1981, 42 U.S.C. § 1983, and state law.  Named as defendants are the Metropolitan St. Louis Sewer District (the "District"), the Gusdorf Law firm, LLC, and Randall E. Gusdorf.  Plaintiff alleges that the District brought an action against him in state court for unpaid sewer bills.  Plaintiff believes he is not liable to the District because he had "no contractual relationship" with it.  Plaintiff seeks money damages from the District and its attorneys.

## Discussion

Title 42 U.S.C. § 1981 provides in pertinent part:

> All persons . . . shall have the same right . . . to make contracts, to sue, be parties, give evidence, and to full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by

> white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

To establish a claim under § 1981, a plaintiff must demonstrate that the defendants purposefully and intentionally discriminated against him on the basis of race. See General Bldg. Contractors Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 391 (1982); Edwards v. Jewish Hosp., 855 F.2d 1345, 1351 (8th Cir. 1988). The instant complaint contains no facts indicating that any actions taken by defendants were motivated by purposeful race discrimination against plaintiff. Moreover, plaintiff does not allege that any contractual relationship was interfered with. As a result, plaintiff's § 1981 claim is legally frivolous.

Plaintiff's § 1983 claim is frivolous for several reasons. First, the allegations do not rise to the level of a constitutional violation. Second, the District is not a proper defendant under § 1983. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."). And finally, Randall Gusdorf and the Gusdorf Law Firm are not "state actors."

Because plaintiff's federal claims will be dismissed, all remaining pendent state claims should be dismissed as well. See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial,

remaining state claims should also be dismissed); Hassett v. Lemay Bank & Trust Co., 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. 4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 27th day of December, 2011.

                                                                   _____
                                                                   RODNEY W. SIPPEL
                                                                   UNITED STATES DISTRICT JUDGE